

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew Wilhere<br>15 Wingate Drive<br>Lincoln University, PA 19352 | : | JURY ACTION |
| vs. | : | |
| Delaware County<br>Delaware County Courthouse<br>201 W. Front Street<br>Media, PA 19063<br>  and<br>Manuel Zayas, individually and<br>as Sheriff for the County of<br>Delaware Pennsylvania<br>c/o Delaware County<br>Delaware County Courthouse<br>201 W. Front Street<br>Media, PA 19063<br>  and<br>Joseph Nigro, individually and<br>as Sheriff for the County of<br>Delaware Pennsylvania<br>c/o Delaware County<br>Delaware County Courthouse<br>201 W. Front Street<br>Media, PA 19063<br>  and<br>Kathleen Mahoney, individually and<br>as Sheriff for the County of<br>Delaware Pennsylvania<br>c/o Delaware County<br>Delaware County Courthouse<br>201 W. Front Street<br>Media, PA 19063 | :<br>:<br>:<br>:<br>:<br>: NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 09   0022 |

## COMPLAINT

1

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343(1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367(a) to hear and adjudicate state law claims.

**PARTIES**

2. Plaintiff Matthew Wilhere is an adult individual and resident of the Commonwealth of Pennsylvania with a residence in Chester County Pennsylvania located at 15 Wingate Drive Lincoln University, PA 19352. At all times relevant to this action he was present in Essington, Delaware County, Pennsylvania.

3. Defendant County of Delaware is a county governmental unit under the laws of the Commonwealth of Pennsylvania, a "person" under 42 U.S.C. Section 1983 et seq., and from its main offices at the Delaware County Courthouse, 201 W. Front Street, Media, 19063, owns, operates, manages, directs and controls the Delaware County Sheriff's Department which employed at all times relevant hereto Defendants Zayas, Mahoney and Nigro.

4. Defendant Manuel Zayas (hereinafter Zayas) was a sheriff for the Delaware County Sheriff's department at all times relevant and material hereto was acting under color of state law. He is being sued in his official and individual capacities. He is believed and therefore averred to be domiciled in Delaware County, Pennsylvania.

5. Defendant Joseph Nigro (hereinafter Nigro) was a sheriff for the Delaware County Sheriff's department at all times relevant and material hereto was acting under color of state law. He is being sued in his official and individual capacities. He is believed and therefore averred to

be domiciled in Delaware County, Pennsylvania.

6. Defendant Kathleen Mahoney (hereinafter Mahoney) was a sheriff for the Delaware County Sheriff's department at all times relevant and material hereto was acting under color of state law. She is being sued in her official and individual capacities. She is believed and therefore averred to be domiciled in Delaware County, Pennsylvania.

7. At all times relevant and material hereto all Defendants were acting in concert and conspiracy in their actions that violently deprived Plaintiff Matthew Wilhere of his constitutional and statutory rights.

## FACTUAL ALLEGATIONS

8. On or about January 8, 2007 around 8:00 pm Plaintiff Matthew Wilhere was at the entrance to the Holiday Inn Hotel in the company of other members of his union picketing as part of a strike by employees of the hotel seeking better working conditions, wages and benefits.

9. Prior to January 8, 2007, all employee Defendants had taken a solemn oath to obey, uphold, and protect the laws and constitution of the United States of America and Commonwealth of Pennsylvania in conjunction with their employment as officers with Defendant Delaware County's sheriff's department

10. At some point during the evening around 8:30 pm Defendant Zayas approached Plaintiff Matthew Wilhere and the other picketers at the main hotel entrance and yelled out in an aggressive, intimidating, and belligerent manner "tonight's the night, somebody's going to jail tonight!"

11. Moments later Defendants Mahoney, Nigro and Zayas walked briskly and directly up to and within inches of Plaintiff Matthew Wilhere while he was on the picket line with the

sheriffs arrayed in that order from his right to left.

12. Immediately prior to aggressively confronting Plaintiff Wilhere by quickly walking up within inches of his body, one or more of the Defendants had been confronted by a highly agitated and angry managerial employee of the Holiday Inn Hotel who was the only person up to that point that evening who had made any complaint whatsoever about Plaintiff Matthew Wilhere or any of the other picketers and whom, in a very angry and agitated manner demanded that the Defendants confront and/or arrest Plaintiff Matthew Wilhere.

13. Defendant Mahoney then struck Plaintiff Matthew Wilhere in the right shoulder at which time, apprehensive about the physically aggressive and threatening manner of the Defendants he placed the flashlight he was holding in his right hand onto the ground and raised his hands up to at or above his face open palms toward the Defendants.

14. The shoulder Defendant Mahoney struck was the same one Plaintiff had injured years ago and had received an open rotator cuff repair surgery that had left him with a large scar.

15. Defendants Mahoney and Nigro physically jostled and pushed Plaintiff Matthew Wilhere for a few seconds while Defendant Zayas, to Plaintiff Matthew Wilhere's left side, took out his Taser device and quickly struck Plaintiff Matthew Wilhere in the groin a few times before activating the Taser and shocking Plaintiff Matthew Wilhere in the groin.

16. Defendant Zayas shocked Plaintiff Matthew Wilhere with a taser in the groin only 4 to 6 seconds after Plaintiff Wilhere was allegedly told to put his arms behind his back.

17. Defendant Zayas meant to and intended to shock Plaintiff Matthew Wilhere with a taser in the groin.

18. Defendants Mahoney and Nigro did nothing and said nothing to Defendant Zayas to try to prevent or stop Defendant Zayas from shocking Plaintiff Matthew Wilhere in the groin.

19. None of the Defendants gave Plaintiff Matthew Wilhere any warning that he would be shocked in the groin by a taser nor did they give him any reasonable opportunity to comply with their wishes before he was shocked in the groin by Defendant Zayas.

20. Defendants Mahoney and Nigro fully supported and approved of Defendant Zayas' shocking Plaintiff Matthew Wilhere in the groin with a taser and did nothing to prevent it or stop Defendant Zayas once he had taken the taser into his hand and started pressing it against Plaintiff Matthew Wilhere's groin.

21. Defendants, including Zayas, were trained and instructed, prior to January 8, 2007, to never shock a citizen in the groin with the taser he was issued by Defendant Delaware County unless serious and/or deadly force was needed under the circumstances and intended by them.

22. Defendant Zayas is right handed and stood to Plaintiff's left side when he tasered Plaintiff Wilhere in the groin.

23. Defendant Nigro and Defendant Mahoney, at the time Defendant Zayas was shocking Plaintiff Matthew Wilhere in the groin, knew that they, as law enforcement officers, had an affirmative duty to intervene, prevent and/or stop the violation of a citizen's civil rights by a fellow officer employing excessive force, such as tasering in the groin, against that citizen, especially when the citizen had been neither physically or verbally violent or threatening toward the officers and had not clearly refused legitimate and lawful requests by an officer.

24. Defendant employees were told and fully understood, prior to January 8, 2007, that the taser shock is extremely painful, causes involuntary muscle contractions, and almost always inflicts contact wounds on a person's skin as well as carrying the risk of other injuries, aggravation of medical conditions the person shocked may have at the time, and the possibility, albeit relatively remote, of killing or maiming the person shocked.

25. After having shocked Plaintiff Matthew Wilhere, none of the Defendant Sheriffs provided medical care to Plaintiff Matthew Wilhere nor did they attempt to obtain the services of a medical professional to examine Plaintiff Matthew Wilhere to be sure he had suffered no injuries or aggravation of medical conditions as a result of being shocked with the taser by Defendant Zayas.

26. At no time prior to being shocked in the groin did Plaintiff Matthew Wilhere physically move to touch or threaten any of the Defendants, let alone engage in any violence toward them, nor did he make any verbal threats or say anything that could be construed as a threat, let alone a threat of physical violence. Plaintiff Matthew Wilhere did nothing whatsoever to physically resist the Defendants before he was shocked in the groin.

27. In extreme pain and with his muscles contracting involuntarily, Plaintiff tried to turn away from the taser being wielded by Defendant Zayas while Defendant Zayas followed him applying the taser to shock Plaintiff Matthew Wilhere while Defendants Mahoney and Nigro tried to hold him still.

28. Defendants fell into the nearby hedge adjacent to the driveway with Plaintiff Matthew Wilhere after which Defendants, despite Plaintiff Matthew Wilhere's plea for them to be careful with his right shoulder due to his prior injury and surgery, handcuffed him with his

cooperation.

29.     While Defendant Zayas assaulted Plaintiff Matthew Wilhere with the taser and with the active assistance of the Defendant Mahoney and Nigro, a frightened witness only feet away called out to the sheriffs to stop because the violence was completely unnecessary and was unprovoked at which point Defendant Mahoney replied in a loud, angry, belligerent, coercive and intimidating voice "mind your own business!"

30.     While being handcuffed Plaintiff Matthew Wilhere pleaded with Defendant employees to be careful with his right shoulder (because of the prior injury and surgery) to which one of the Defendant employees angrily, belligerently and aggressively replied "shut up - we'll do what we want!"

31.     Defendants then took Plaintiff Matthew Wilhere and placed him into their vehicle until the Tinicum Police Department dispatched an officer who arrived at the scene.

32.     Plaintiff Matthew Wilhere while handcuffed asked who Defendant Zayas was to which Defendant Zayas only replied belligerently, sadistically, violently, and mockingly "You want it [the taser shock] again?"

33.     The Tinicum Officer spoke at length to Defendants and Defendant Mahoney who was quite animated, angry, and insistent that the Tinicum Officer "back them up" and that Plaintiff Matthew Wilhere be charged with multiple criminal offenses that were inappropriate or completely frivolous under the circumstances and calculated solely to punish, coerce, and intimidate Plaintiff Matthew Wilhere further after he had been violently tasered in the groin and assaulted for no good reason whatsoever.

34. The Tinicum Officer almost immediately realized Plaintiff Matthew Wilhere was not in the least dangerous or uncooperative and therefore allowed him to sit un-handcuffed in the back of his police cruiser and then to drive his own truck back to the police station to finish the paperwork.

35. Plaintiff received his citation for summary Disorderly Conduct in the mail a few days later.

36. Plaintiff Matthew Wilhere did not engage in any conduct which could in any way justify Defendants' actions in assaulting him and shocking him with a taser in the groin.

37. The brutal use of unreasonable force upon Plaintiff Matthew Wilhere in this case, including, specifically the shocking of Plaintiff Matthew Wilhere in the groin with a taser, was the direct result of Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff Matthew Wilhere to unreasonable force and further violations of citizens' civil rights.

38. The Defendant sheriffs acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff Matthew Wilhere's constitutional and statutory rights.

39. As a direct and proximate result of the actions of all Defendants, Plaintiff Matthew Wilhere suffered and continues to suffer physical, emotional, and psychological harm, pain, and suffering some or all of which may be permanent, as well as financial loss.

40. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff Matthew Wilhere's constitutional rights by subjecting him to unreasonable force in order to inflict pain, humiliation and suffering upon him for no legitimate reason and toward no legitimate end.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS - ALL DEFENDANTS

41. Plaintiff incorporates paragraphs 1 through 40 of this complaint by reference.

42. As a direct and proximate result of all Defendants conduct, committed under color of law, Plaintiff Matthew Wilhere was deprived of his right as a citizen of the United States of America and the Commonwealth of Pennsylvania to be free from unreasonable and excessive violent force and to be secure in his person and property as well as his right to freedom of expression and speech. As a result, Plaintiff Matthew Wilhere suffered and continues to suffer harm in violation of his rights under the laws and the Constitution of the United States of America, in particular the First and Fourteenth Amendments thereof, and 42 U.S.C. Section 1983.

43. As a direct and proximate result of the acts of all Defendants, Plaintiff Matthew Wilhere sustained physical injuries, including among other things being shocked, bruised, and burnt in the groin by a taser, as well as, emotional harm, loss of liberty, and financial loss, all to his detriment and harm.

44. Defendant County of Delaware has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns and practices and customs and to the need for more and different training, supervision, investigation or discipline in the areas of:

    a. The use of reasonable force, excessive force, and unlawful physical assault, including the use of tasers, by sheriffs upon taxpaying citizens and others;

  b.  The proper exercise of police powers and physical violence, including but not limited to the unreasonable use of force, the excessive use of force, violations of citizens' right to free speech, particularly with regard to perceived challenges to sheriffs' authority;

  c.  The Constitution of the United States of America, including all amendments thereto and the laws enacted pursuant thereto, and the limits they impose upon the use of aggressive and coercive physical violence upon tax paying citizens who are not engaging in violent or threatening behavior and not verbally or physically threatening anyone while legitimately exercising rights guaranteed under the First Amendment;

  d.  The monitoring of sheriffs whom it knew or should have known were suffering from emotional, and/or psychological problems that impaired their ability to function as sheriffs to uphold the law and respect the rights of taxpaying citizens both in the past and at the time of the incident aforesaid;

  e.  The failure to identify, meaningfully investigate, and take remedial or disciplinary action against sheriffs who were the subject of prior civilian or internal complaints of clear or possible misconduct or violations of the civil rights of taxpaying citizens and other individuals;

  f.  Sheriffs' use of their status as sheriffs to employ the use of violent and excessive physical force in conjunction with sadistic verbal abuse to achieve ends not reasonably or legitimately related to their duties as sheriffs and upholding the law; and

  g.  The failure of Sheriffs to follow established procedures, polices, directives, and instructions regarding the use of violent physical force, including Tasers, under such circumstances as are presented herein at a peaceful union picket line.

45. The County of Delaware has repeatedly failed to properly and in any meaningful manner, investigate, sanction or discipline sheriffs, who commit, are aware of and conceal and/or aid and abet violations of the constitutional rights of taxpaying citizens by other sheriffs, thereby causing and encouraging Delaware County Sheriffs, including the Defendant Sheriffs in this case, and in particular Defendant Zayas, to violate the rights of citizens such as Plaintiff Matthew Wilhere.

46. Defendants have by the above described actions and omissions caused Plaintiff Matthew Wilhere the injuries and losses aforesaid and deprived him of his rights secured by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America in violation of 42 U.S.C. Section 1983.

47. The actions and omissions of the Defendants aforesaid exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable, and therefore, punitive damages are necessary and appropriate.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE LAW CLAIMS - DEFENDANT ZAYAS

48. Plaintiff incorporates paragraphs 1 through 47 of this complaint by reference.

49. The acts and conduct of the Defendant Zayas constitutes assault, battery, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

50. The actions and omissions of the Defendant Zayas aforesaid exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable, and therefore, punitive damages are necessary and appropriate

WHEREFORE, Plaintiff requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorney's fees and costs as provided by statute, including 42 U.S.C. Section 1983 et seq.;

    d. Such other and further relief as appears reasonable and just; and

    e. A jury trial as to each Defendant and as to each Count.

                  PATRICK G. GECKLE, LLC

                  By: _____
                        JOHN RIGHTMYER, ESQUIRE
                        Attorney for Plaintiff

DATED: <u>1/5/08</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW WILHERE being duly sworn according to law, deposes and says that he is the Plaintiff in the within matter and that the facts set forth in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and that this statement is made subject to the penalties of 28 U.S.C.A. § 1746, relating to unsworn falsifications to authorities.

_____
MATTHEW WILHERE

DATED: 7/15/2007